UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLANDO JOSE REYES LOPEZ, | CASE NO. C26-2559-KKE |
| Petitioner(s), | ORDER GRANTING HABEAS PETITION |
| v. | |
| JULIO HERNANDEZ, et al., | |
| Respondent(s). | |

After Petitioner was arrested and detained by United States Immigration and Customs Enforcement ("ICE") officers, he filed a petition for a writ of habeas corpus under 28 U.SC. § 2241. Dkt. No. 1. His petition argues that his detention is unlawful because it violates his constitutional right to procedural due process. *Id*. at 14. The Government[1] has filed its return, arguing that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2) and that due process does not require a pre-detention hearing. Dkt. No. 6. For the following reasons, the Court will grant the petition and order the immediate release of Petitioner.

### I.   BACKGROUND

Petitioner is a citizen of Nicaragua who entered the United States in July 2022, was briefly detained, and then released on an order of release on recognizance ("OREC"). Dkt. No. 7 ¶¶ 4–5. The U.S. Department of Homeland Security initiated removal proceedings in September 2022, and

---

[1] In this order, the Court refers to the federal Respondents collectively as "the Government."

ORDER GRANTING HABEAS PETITION - 1

Petitioner filed applications for relief from removal with the Immigration Court in July 2023. *Id*. ¶¶ 6–7.

On May 8, 2026, when Petitioner reported to an ICE office consistent with the requirements of his OREC, the ICE officers searched their records system and discovered that Petitioner had been charged with several domestic violence-related crimes in December 2025. Dkt. No. 8-1 at 3. The ICE officers purported to cancel Petitioner's OREC and took him into immigration custody. *Id*.[2] The criminal charges against Petitioner were dismissed without prejudice on July 8, 2026.[3] Dkt. No. 9-1.

Petitioner had a merits hearing in Immigration Court on his applications for relief from removal on July 9, 2026, and the immigration judge denied Petitioner's applications for relief. Dkt. No. 8-4. The immigration judge ordered Petitioner removed to Nicaragua, and Petitioner appealed his removal order to the Board of Immigration Appeals. Dkt. No. 7 ¶ 11. The Board of Immigration Appeals received Petitioner's appeal on July 21, 2026. Dkt. No. 10 ¶¶ 5–6.

Petitioner filed this habeas petition on July 20, 2026.[4] Dkt. No. 1. For the following reasons, the Court finds that Petitioner's re-detention does not comport with due process and will therefore grant the habeas petition.

---

[2] The ICE officers wrote in their records that Petitioner's OREC was canceled (Dkt. No. 8-1 at 3), but the Government provided no documentation to substantiate that statement.

[3] Petitioner filed a declaration stating that he presented a letter from his attorney in the criminal case to the ICE officers at the time of his arrest, stating that the pending criminal charges were going to be dismissed. Dkt. No. 2 ¶ 21. According to Petitioner, the ICE officers responded that he could "see a judge" about that, but that he was going to be detained nonetheless. *Id*. As Petitioner notes, he was not in fact provided an opportunity to see a judge regarding the justification for his detention before or after his arrest. *Id*. ¶ 23.

[4] Although the Court entered a scheduling order requiring the Government to provide notice before transferring Petitioner out of the district (Dkt. No. 4), Petitioner was transferred to a detention facility in  on July 21, 2026, without prior notice to counsel or the Court. Dkt. No. 10 ¶ 3. The Government returned Petitioner to this district on July 24, 2026, recognizing that his transfer contravened the Court's scheduling order. *Id*. ¶¶ 7–8.

ORDER GRANTING HABEAS PETITION - 2

## II.    ANALYSIS

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  In this case, Petitioner contends that his arrest and detention violate, among other things, the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. CONST. AMEND. V.  The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."  *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  Determining whether an administrative procedure provides the process constitutionally due

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews*' three-part test applies in "the immigration detention context."  53 F.4th 1189, 1206–07 (9th Cir. 2022).  The Court will consider each *Mathews* factor in turn to determine whether Petitioner's re-detention comports with constitutional due process requirements.

ORDER GRANTING HABEAS PETITION - 3

**A.      Petitioner Has a Protected Interest in His Liberty.**

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004).  That Petitioner was arrested and remains in custody more than three months later undoubtedly presents a deprivation of Petitioner's interest in his liberty.

Although Petitioner's now-dismissed criminal charges could constitute changed circumstances warranting re-detention, the Government's return does not rely on those charges to trigger mandatory detention.   Instead, the Government argues that because Petitioner is an applicant for admission, he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 6 at 2–3.  Many courts, including the Ninth Circuit, have rejected the application of Section 1225(b)(2)(A) to noncitizens such as Petitioner, who was previously released on supervision and has been living in this country since 2022.  *See, e.g., Rodriguez Vazquez v. Bostock*, __ F.4th __, 2026 WL 2196424, at *26 (9th Cir. July 30, 2026) (concluding that Section 1225(b)(2)(A) applies to "unadmitted aliens entering the United States at the border" and that Section 1226 governs "unadmitted aliens present in the interior of the country"); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 731–32 (6th Cir. 2026) (holding that Section 1225(b)(2) does not apply to noncitizens who have lived in the interior of the United States for years); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 856 (7th Cir. 2026) (finding that "the text, statutory context, legislative history, and long-standing Executive practice all confirm that Section 1225(b)(2)(A) applies to 'applicants for admission' who are seeking lawful entry at the border or ports of entry and not to noncitizens unlawfully living in the country's interior"); *Barbosa Da Cunha v. Freden*, 175 F.4th 61, 70 (2d Cir. 2026) ("[C]onsistent with the plain text of the statutory provisions at issue here, our holding allows noncitizens like Petitioner, who are already present in the United States and are determined not to be a flight risk or danger to the community, to be released on bond under Section 1226(a)

ORDER GRANTING HABEAS PETITION - 4

while their removal proceedings are pending."); *Escobar Salgado v. Mattos*, 809 F. Supp. 3d 1123, 1155 (D. Nev. 2025) ("By subjecting noncitizens like Petitioners to mandatory detention, despite their significant due process rights as individuals present in the U.S., with no consideration of their deep financial, community, and familial ties in the country, the government has proffered an interpretation of a federal statute that engenders constitutional issues." (citation modified)).  "The overwhelming majority of courts to address the issue have agreed that Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen in Petitioner's position who has resided in the United States for many years." *Aquino v. LaRose*, No. 25-cv-2904-RSH-MMP, 2025 WL 3158676, at *3 (S.D. Cal. Nov. 12, 2025) (collecting cases).

For these reasons, the Court rejects the Government's position on the applicable detention authority and finds that Petitioner is detained under Section 1226(a) rather than Section 1225(b). Furthermore, the Court finds that Petitioner's interest in his liberty is constitutionally protected. *See Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("While the temporary detention of non-citizens may sometimes be justified by concerns about public safety or flight risk, the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process[.]"); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("[I]ndividuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty.").  Accordingly, the first *Mathews* factor favors Petitioner.

**B.      The Risk of Erroneous Deprivation of Liberty Without a Hearing is High.**

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest, and here, the Court finds that the risk of erroneous deprivation of Petitioner's liberty interest is high.

As described earlier in this order, on May 8, 2026, Petitioner was arrested and detained and his OREC was reportedly canceled due to his pending criminal charges.  *See* Dkt. No. 8-1 at 3.  It

ORDER GRANTING HABEAS PETITION - 5

is undisputed that Petitioner did not receive notice or an opportunity to be heard on the OREC revocation (assuming it occurred) before he was re-detained.  *See* Dkt. No. 6 at 5.  At the time of his re-detention, Petitioner attempted to explain that his criminal charges were not being prosecuted and yet was not provided an opportunity to be heard.  Dkt. No. 2 ¶ 21.  Under these circumstances, where the record contains no documentation to substantiate an OREC revocation, and the OREC warns that committing (not merely being charged with) a crime could lead to its revocation (Dkt. No. 8-3), the complete absence of pre-deprivation procedural safeguards leads to a significant risk of an erroneous deprivation of Petitioner's liberty.

Accordingly, the Court finds that the second *Mathews* factor favors Petitioner.  *See Doe*, 787 F. Supp. 3d at 1094.

**C.      The Government's Interest in Civil Detention Without a Hearing Is Low.**

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing.

The Court finds that the Government's interest in re-detaining non-citizens previously released without a hearing is low: although it would require the expenditure of finite resources (money and time) to provide Petitioner notice and a hearing before re-detention, those costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.  *See, e.g.*, *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.").

Furthermore, although the Government suggests that a pre-deprivation hearing was not needed here because Petitioner's "serious criminal arrest" objectively demonstrates that he violated his OREC (Dkt. No. 6 at 7), this argument is undermined by the fact that Petitioner was not re-detained until months after this arrest, by which point his charges were no longer being

ORDER GRANTING HABEAS PETITION - 6

pursued. If Petitioner's criminal charges were so serious, the Court would expect the Government to proactively investigate them, rather than wait passively for Petitioner to appear at a scheduled check-in. But even assuming that a mere charge, rather than a conviction, constitutes an objectively valid OREC violation, "[t]hat the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process." *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025).

For these reasons, the Court finds that the Government's interest in re-detaining non-citizens previously released without a hearing is minimal: any administrative or financial burdens in providing Petitioner a hearing are far outweighed by the risk of erroneous deprivation of the liberty interest at issue. Accordingly, the third *Mathews* factor favors Petitioner.

The Court's review of the *Mathews* factors indicates that all three favor Petitioner, and the Court concludes that Petitioner's re-detention does not comport with due process. *See, e.g., Singh v. Warden*, No. 1:26-cv-00030 DJC SCR, 2026 WL 1113792, at *3 (E.D. Cal. Apr. 24, 2026) (recommending a finding that a petitioner's due process rights were violated when he was re-detained without a pre-deprivation hearing after release from jail with a pending robbery charge); *Ortiz v. Hermosillo*, No. 2:26-cv-00384-TL, 2026 WL 607672, at *4–5 (W.D. Wash. Mar. 4, 2026) (finding petitioner's due process rights were violated when he was re-detained without a pre-deprivation hearing due to an assault charge).

## III.   REMEDY

Having determined that Petitioner's re-detention violates his constitutional right to due process, the Court finds his detention unlawful and will grant his habeas petition. The Court must now determine the appropriate remedy.

ORDER GRANTING HABEAS PETITION - 7

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013). "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Id*. (quoting *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)). "Declaratory and injunctive relief are proper habeas remedies." *Perera v. Jennings*, 598 F. Supp. 3d 736, 742 (N.D. Cal. 2022).

Here, the Court finds that the appropriate remedy for Petitioner's unconstitutional detention is immediate release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); *Singh*, 2026 WL 1113792, at *3 (recommending immediate release for a petitioner re-detained after release from jail without due process).

Furthermore, as explained in this order, due process requires that Petitioner receive notice and an opportunity to be heard before he may be re-detained due to the now-dismissed criminal charges.[5] *See, e.g.*, *Llanes Tellez v. Bondi*, 826 F. Supp. 3d 1141, 1154 (N.D. Cal. 2025) ("If the government wishes to re-detain [Petitioner], it must provide him with the pre-detention hearing before a neutral decisionmaker required by due process."). At any future pre-deprivation hearing, the Government must demonstrate the justification for detention by clear and convincing evidence. *See Doe*, 787 F. Supp. 3d at 1089.

### IV.    CONCLUSION

For these reasons, the Court GRANTS the habeas petition. Dkt. No. 1. The Court ORDERS that Petitioner shall be released from detention no later than August 14, 2026, on the

---

[5] As noted by Petitioner, the Government did not oppose or address in any way his request for this injunctive relief in its return. Dkt. No. 9 at 9.

ORDER GRANTING HABEAS PETITION - 8

terms of his prior OREC.  The Government shall file a status report no later than August 17, 2026, to confirm Petitioner's release in compliance with this order.

The Court will consider a post-judgment motion for attorney's fees, as requested in the petition.  Dkt. No. 1 at 15.

Dated this 13th day of August, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING HABEAS PETITION - 9